**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**PATRICK RAY MARTIN,**
Reg. #41528-424                                                                                            **PLAINTIFF**

V.                                   **CASE NO. 2:16-CV-98-JM-BD**

**C.V. RIVERA, et al.**                                                                                 **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.     Procedure for Filing Objections**

      This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

      If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.    Discussion**

      Patrick Ray Martin, a federal inmate incarcerated at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed this lawsuit without the help of a lawyer under *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971).  Mr. Martin complains that various officers at FCI-FC have failed to assist him in filing a criminal complaint.  Unfortunately for Mr. Martin, he has failed to state a constitutional

claim. Mr. Martin lacks standing to initiate a criminal prosecution against another individual. See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); and *Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009). As a result, the Defendants' failure to assist Mr. Martin in filing a criminal complaint fails to rise to a constitutional level.

Further, an allegation that prison officials impeded access to the courts, standing alone, does not amount to a constitutional violation. This constitutional violation requires a showing that a defendant kept the prisoner from litigating a claim and, by this misconduct, caused the prisoner to suffer an actual injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). To show an actual injury, the prisoner must show that a non-frivolous legal claim was "frustrated or ... impeded." *Id*. Here, Mr. Martin cannot show any actual injury to support this constitutional claim.

## III. Conclusion

The Court recommends that Mr. Martin's claims be DISMISSED, with prejudice, based on his failure to state a constitutional claim. The Court also recommends that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and that this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

DATED this 15th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE